IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RHIZOME PRODUCTIONS, INC.,<br>8161 HWY 100 #295,<br>Nashville, TN 37221,<br><br>    Plaintiff,<br><br> v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff Rhizome Productions Inc., ("Rhizome") by and through counsel, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. Plaintiff Rhizome demonstrated its eligibility for a SVOG award in its application and appeal to the SBA. The SBA denied Rhizome's application and its initial appeal without giving a reason for either denial. The SBA subsequently informed Rhizome that it was reconsidering its earlier denial, but the SBA subsequently denied Rhizome's application and appeal again, this time suggesting without additional explanation that one reason for its denial was the SBA's belief that Rhizome "[d]id not meet the principal business activity standard for the entity type under which applied [sic]." For reasons further explained below, if this was the SBA's reason for denying Rhizome's application for an SVOG grant, then its denial was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

4. The COVID-19 pandemic has had a devastating impact on Rhizome, as it was unable to produce a single in-person event during its 2020 seasons based on local, state and federal rules. Rhizome also suffered a significant reduction in gross earned revenue, as it went from having a gross revenue of $741,064.74 in 2019, down to just $124,448.05 in 2020, a massive decline evidenced by their tax returns. Rhizome has remained in operation and has been able to do a limited number of events in the second half of 2021. Rhizome intends to fully resume promoting and producing festivals and events as soon as it is able to. Rhizome needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Rhizome recover from the major setbacks they have experienced because of the pandemic.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Rhizome demonstrated that it is an eligible live venue promoter, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Rhizome's application.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Rhizome Productions Inc. is a Nashville, TN based live venue promoter that, as its principal business activity, produces, promotes, books and hosts nearly two dozen festivals and events per year. Rhizome's festivals and events all employ live performing artists, including bands, live music, DJs, sound engineers, security vendors, and a wide variety of third-party vendors that help create robust economic impact. Additionally, all of Rhizome's events support local nonprofit charities. Since Rhizome Productions Inc's creation in January of 2011, it has donated over $1 million dollars to support these local nonprofit charities, including but not limited to the Tennessee Breast Cancer Coalition.

10. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

11. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

### A. Shuttered Venue Operators Grant Program

12. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021,

3

amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No.117-2 § 5005(a).

13. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

15. Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

16. Eligible entities under the Act include live venue promoters and live venue operators, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

17. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange,

employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18.  The Act defines live venue promoter to include an entity that as a principal business activity organizes, promotes, produces or hosts live concerts or "events by performing artists" for which there is a ticketed cover charge, performers are paid in an amount set by sales or agreement, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise.  15 U.S.C. § 9009a(a)(3)(A)(i).

19.  The Act specifies that for a live venue promoter (as well as a live venue operator, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B. Rhizome's SVOG Application and the SBA's Denial**

20.  On April 26, 2021, Rhizome applied for a SVOG award of $315,855.13.

21.  In its application, Rhizome demonstrated that it satisfied the criteria for eligibility initially as a live venue operator.  Rhizome demonstrated that its losses in 2020 exceeded the 25 percent statutory threshold by submitting its tax returns for 2019 and 2020.  Rhizome also submitted, among other things: all the necessary and standard supporting items, documents, and required attachments. Rhizome also provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22.  Rhizome learned from the SBA's portal that its application was denied. The portal's

original denial notice gave no explanation of the reason why the SBA found Rhizome ineligible.

23.     Rhizome then submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, Rhizome appealed as a live venue promoter, as it provided a better and more informed characterization of what its business does. Rhizome elaborated on why it satisfies all of the criteria for eligibility as a live venue promoter. Rhizome explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue promoter. Rhizome's supporting documentation included: its quarterly income statements for 2019, 2020; 2019 and 2020 tax returns; both print and electronic advertising receipts; contracts with live performing artists; box office records reflecting cover charges and ticket sales; employee records and contractor agreements reflecting engagement of a sound engineer, stage manager, security personnel, box office manager; a list of events which all included live music and entertainment; photographs and floorplans, and documents demonstrating its defined performance spaces, audience spaces, sound mixing equipment, public address system, and lighting rig; copies of contracts that provide for fair payment for performing artists; web links to marketing materials; background check information; proof of incorporation and operation; and other documentation.

24.     On November 10, 2021, the SBA notified Rhizome that its appeal was denied. As with the denial of Rhizome's application, the SBA gave no clear reason for denying the appeal, but suggested that its denial was based, "at least in part," on the SBA's determination that Rhizome "did not meet the principal business activity standard for the entity type under which applied [sic]."

25.     The SBA's denial of Rhizome's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

26.     The courts recognize a strong presumption favoring judicial review of

6

administrative action.

27. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

28. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

29. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

30. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

31. Rhizome realleges and incorporates by reference each of the preceding paragraphs and allegations.

32. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying Rhizome's application, nor did it provide any reason when it denied Rhizome's appeal.

33. Indeed, the SBA's decision on Rhizome's application conflicts with the evidence of Rhizome's eligibility that it presented to SBA in its application and in its appeal.

34. The SBA further erred by treating Rhizome disparately from similarly situated businesses that were granted SVOG awards. Specifically, the SBA approved the SVOG application of Good Time Tricycle Productions LLC, a live venue promoter whose business does functionally the same things as Rhizome. Specializing in large scale festivals that also feature live music by live performing artists, Good Time Tricycle Productions LLC is responsible for events including but not limited to The Atlantic City Beer & Music Festival, The Atlantic City Tattoo

Expo, and The Downbeach Seafood Festival.

35. For each of these reasons, the SBA's denial of Rhizome's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

36. Rhizome realleges and incorporates by reference each of the preceding paragraphs and allegations.

37. Based upon the information provided by Rhizome to the SBA, Rhizome meets the Act's definition of a live venue promoter and satisfies the Act's general eligibility criteria for a SVOG award. Rhizome also is not disqualified or ineligible for a SVOG award based upon any statutory criteria for ineligibility.

38. The SBA's denial of Rhizome's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

39. Rhizome realleges and incorporates by reference each of the preceding paragraphs and allegations.

40. The SBA's denial of Rhizome's SVOG award request is supported by no evidence in the record, let alone substantial evidence. Rhizome's application and appeal presented evidence that demonstrates Rhizome is eligible for a SVOG award. The SBA has offered no specific reasons or explanations demonstrating that its denial is based upon any substantial evidence.

41. The SBA's denial of Rhizome's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, Rhizome respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of Rhizome's SVOG award

request.

2. Preliminarily and permanently order Defendants to consider Rhizome's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award Rhizome $315,855.13 in SVOG funds.

4. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

5. Award Plaintiffs their costs and reasonable attorney fees; and

6. Grant such other and further relief as the Court deems just and proper.

Dated: November 16, 2021            Respectfully submitted,


/s/  *Jeffrey E. McFadden*
Jeffrey E. McFadden
D.C. Bar No 434234
LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
312 Prospect Bay Drive E
Gransonville, MD 21638-1181
410-490-1163
jmcfadden@jmcfaddenlaw.com

Tyler W. Hudson
D.C. Bar No. 485971
Eric D. Barton (*pro hac vice* application to be filed)
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Suite 300
Kansas City, MO 64112
816-701-1100
thudson@wcllp.com
ebarton@wcllp.com

Matthew S. Mokwa
Fla. Bar No. 47761
(*pro hac vice* application to be filed)
THE MAHER LAW FIRM, PA
271 West Canton Ave., Suite 1
Winter Park, FL 32789
407-839-0866
mmokwa@maherlawfirm.com

***Counsel for Rhizome Productions Inc.***

10